|1PER CURIAM.
Albert J. Lord was formally charged with the violation of La.S.Ct.R. XIX, § 9(C) and Rules of Professional Conduct 3.4(c) — knowing disobedience of an obligation under the rules of a tribunal, 8.1(b) — knowing failure to respond to a lawful demand for information from a disciplinary authority, 8.1(c) — failure to cooperate with the Committee on Professional Responsibility in the investigation of any matter before it, and 8.4(a) — violation of the Rules of Professional conduct, 8.4(d)— engaging in conduct that is prejudicial to the administration of justice, 8.4(g) — failure to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct.
These charges arose out of Lord’s failure to honor a validly issued subpoena with which he was personally served. The subpoena was issued by the Office of Disciplinary Counsel and commanded Lord’s appearance for a deposition regarding a complaint filed against him. Lord was also suspended on August 19, 1992 for failure to complete the necessary continuing legal education credits and as of June 1, 1992 as ineligible to practice law due to failure to pay bar dues.
Both the Hearing Committee and the Disciplinary Board recommended that Lord be suspended for sixty days.[1] Moreover, the Disciplinary BoardJjrecommended Lord’s reinstatement be conditioned upon: (1) his compliance with any and all outstanding subpoenas issued by the office of disciplinary counsel; (2) proof of payment of all currently owed bar dues and disciplinary assessment fees; (3) proof of satisfaction of the mandatory continuing legal education requirements; and (4) the payment of all costs of this proceeding. Lord has not filed an objection to this recommendation, and has moved without leaving a forwarding address.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that Albert J. Lord is suspended from the practice of law for sixty days. Furthermore, Lord’s reinstatement after sixty days is conditioned upon: (1) his compliance with any and all outstanding subpoenas issued by the office of disciplinary counsel; (2) proof of payment of all currently owed bar dues and disciplinary assessment fees; (3) proof of satisfaction of the mandatory continuing legal education re *1085 quirements; and (4) the payment of all costs of this proceeding.
CALOGERO, C.J., not on panel.

. Disciplinary counsel has subpoena power for his investigation of disciplinary complaints. La. Sup.Ct.R. XIX, § 14(B), (C). Disciplinary counsel may enforce subpoenas for the attendance of witnesses and production of documents in the appropriate district court. La.Sup.Ct.R. XIX, § 14(D). The court notes that use of this method arguably is a more efficient way to enforce compliance than the filing of formal charges with hearings in the Hearing Committee, Disciplinary Board and this court. Nevertheless, respondent has not objected to this proceeding or to the recommendation.